UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN P. CHAVEZ,<br><br>                    Plaintiff,<br><br>         -against-<br><br>DANIEL DEFALCO, LMSW, SENIOR CASE MANGER; DOES; NYC HOUSING AUTH.; CITY OF NEW YORK,<br><br>                    Defendants. | 21-CV-3497 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is proceeding *pro se*, brings this action invoking federal jurisdiction under 28 U.S.C. § 1331, and alleging that an employee of the Renaissance Men's Shelter (Renaissance) in Brooklyn, New York, is violating his rights. Plaintiffs names as Defendants Daniel Defalco, a senior case manager at Renaissance; the New York City Housing Authority; and the City of New York. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

    Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. Section 1391(c)(1). And an entity that is not a person, "whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such

defendant is subject to the court's personal jurisdiction with respect to the civil action in question." Section 1391(c)(2).

Plaintiff alleges that the events giving rise to this complaint occurred in Brooklyn, New York.[1] Brooklyn is in Kings County, which is located in the Eastern District of New York. *See* section 112(c). He names the City of New York and the New York City Housing Authority as defendants, institutional entities that reside in this judicial district as well as in the Eastern District of New York. *See* section 112(b), (c). Thus, venue is proper in this District under section 1391(b)(1), because the institutional entities are located within the Southern District of New York. Because the alleged events giving rise to Plaintiff's claims occurred in Brooklyn, it is also clear that the Eastern District of New York is a proper venue for this action under section 1391(b)(2).

Even though venue is proper here, the Court may transfer the action "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed

---

[1] Plaintiff uses this court's general complaint form and provides Defendant Defalco's address as 120 W. 44th St. #405, New York, NY 10003. (ECF 2, at 4.) This is the address for the Mela Hotel Times Square, where Plaintiff alleges, in his application to proceed without prepaying the fees, he was formerly employed (ECF 6.) The attachments to Plaintiff's complaint make it clear, however, that Defendant Defalco is a case worker for Renaissance located in Brooklyn, New York.

2

unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under section 1404(a), transfer appears to be appropriate in this case. First, because the City of New York and the New York City Housing Authority are located within the Eastern District of New York, as well as this District, venue is proper in that district under section 1391(b)(1). Second, as the underlying events occurred in Brooklyn, which is in Kings County, venue is proper in the Eastern District of New York under section 1391(b)(2). Third, it is likely that relevant documents and witnesses are located within the Eastern District of New York.

Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. *See* section 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   November 5, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge